601 A.2d 869

**BABCOCK & WILCOX, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CLARK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 25, 1991.

Decided Jan. 2, 1992.

Michael Relich, for petitioner.

Joseph E. Fieschko, Jr., for respondent.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The referee ordered and the Board affirmed Richard Clark's (Claimant's) Reinstatement Petition for total disability and awarded Babcock & Wilcox (Employer) a credit for partial disability payments made. The referee made no determination as to crediting or granting subrogation against the total disability payments by reason of Employer having made pension benefit payments to Claimant. It is only the failure of the referee to grant such credit or subrogation that was appealed to the board, which affirmed the order of the referee. We affirm the Board.

Claimant sustained a work-related injury on February 25, 1980 and was paid total disability benefits pursuant to a Notice of Compensation Payable. The parties thereafter entered into a Supplemental Agreement on May 14, 1984 which resulted in payment of partial disability benefits commencing on May 21, 1984. The amount due Claimant was commuted by order of the Board dated July 26, 1984, resulting in payments of $1333.00 per month to continue for a period of 60 months.

On October 20, 1988 Claimant filed this Reinstatement Petition alleging that he became totally disabled as of March 18, 1988. Employer filed an Answer denying Claimant's allegation and seeking a credit for all benefits paid in the event of a change in benefits owing as a result of the Reinstatement Petition proceedings. Hearings were held before a referee, and a decision and order were issued on September 12, 1990.

The referee made findings of fact and conclusions of law and found that Claimant met his burden of proving that his total disability had recurred on March 18, 1988. The referee ordered that compensation payable under the Supplemental Agreement be modified and reinstated payment of total disability benefits at the rate of $242.00 per week. The referee also awarded a credit to Employer against the compensation award at the rate of $122.00 per week for the partial disability payments commuted to Claimant for the

balance of the commuted period. Both the total disability benefits and the credit were to begin March 18, 1988.

Employer appealed to the Board, alleging "[t]he Referee erred as a matter of law in failing to grant defendant/employer subrogation for pension benefits paid to claimant on and after March 18, 1988 against future worker's compensation total disability benefits." (R.R., p. 145a.) Oral argument was held before the Board on November 13, 1990. The Board issued its opinion and order March 25, 1991, stating:

> Although the Defendant raised the credit issue before the Referee, Defendant presented no evidence on the issue. Statements of counsel before the Referee are not evidence. There being no evidence on the issue, it was properly not considered by the Referee.

(Opinion, p. 2; R.R., p. 150a.)

Employer argues before us that, pursuant to Section 319 of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. § 671, Employer is entitled to subrogation out of the award of retroactive workmen's compensation total disability benefits for pension payments it made to Claimant. In the alternative, Employer contends that it is entitled to a credit against the total disability benefits for the pension payments it made as payments in lieu of compensation during a period of time for which Claimant was subsequently determined to have been totally disabled and unable to work.[2]

Employer does not contest the finding of Claimant's total disability or the credit it received for the commuted amount of partial disability benefits, nor did it do so in its appeal to the Board. The only issue raised before the Board and here is the question of whether Employer is entitled to a credit

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, and whether all necessary findings of fact are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.),* 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

or subrogation for the pension payments made to Claimant pursuant to a bargaining unit contract.

In support of its argument, Employer cites the collective bargaining agreement between itself and its employees, which includes a provision regarding pension payments and deductions for disability payments. Upon review of the record, we find no evidence presented by Employer to support its argument.[3] It is noted further that Employer, in its Answer to Claimant's Reinstatement Petition, did not seek credit for the pension payments. (R.R., p. 3a.) The first time Employer mentioned credit for pension payments was during the final hearing before the referee, when the following colloquy between counsel for Employer and the referee took place:

MR. RELICH: Mr. Referee, Mr. Clark has been receiving in addition to the commuted benefits a pension from his employer in the amount of $336.17.

In the event that you should reinstate Workers' Compensation disability benefits retroactively to March 18, 1988, we request that you make a provision that the credit due the pension fund be deducted from any retroactive compensation that you award.

REFEREE LAUGHLIN: Why?

MR. RELICH: Had he been receiving total disability benefits since March 18, 1988, he would not have collected his pension in addition to that. While we are not asking that you pay it to Babcock & Wilcox, we ask that in your order you direct the Workers' Compensation Fund or amount due Mr. Clark—

REFEREE LAUGHLIN: In other words, what you are telling me is that in essence you want me to—what you are telling me is that the defendant wants subrogation for the pension money that they have paid him between

3. The provision of the collective bargaining agreement regarding pension payments appears only in the reproduced record, not in the original record filed herein; thus, we will not consider it as competent evidence. *Novak v. Workmen's Compensation Appeal Board*, 59 Pa.Commonwealth Ct. 596, 430 A.2d 703 (1981).

the time that he was partially disabled and the time that he was totally disabled.

. . . . .

MR. RELICH: We want subrogation. If you find that he is totally disabled, we want subrogation only from that point to the present.

(N.T., 11/6/89, pp. 6–7; not in R.R.)

Without determining whether the issue was properly raised, we decline to address it here for the reason that there can be no review of an alleged error on the part of the referee when the referee did not have any evidence before him to support the grant or denial of Employer's request.

ORDER

AND NOW, this 2nd day of January, 1992, the order of the Workmen's Compensation Appeal Board, dated March 25, 1991, is affirmed.